IN THE UNITED STATES COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| DEVON ENERGY CORPORATION and DEVON ENERGY PRODUCTION COMPANY, L.P., <br><br> *Plaintiffs,* <br><br> v. <br><br> CHEVRON U.S.A., INC., <br><br> *Defendant.* | § § § § § § § § § § § § § <br><br> Civil Action No. 4:21-CV-02452 |

**DEVON ENERGY CORPORATION AND DEVON ENERGY PRODUCTION COMPANY, L.P.'S AMENDED DESIGNATION OF EXPERTS**

Devon Energy Corporation and Devon Energy Production Company, L.P. (collectively referred to as "Devon") disclose the following experts:

1. **Kenneth J. Moreau**
   c/o Logan E. Johnson
   Schiffer Hicks Johnson, PLLC
   700 Louisiana, Ste. 2650
   Houston, Texas 77002
   (t) 713.357.5150
   ljohnson@shjlawfirm.com

   Mr. Moreau has over 35 years' worth of experience in providing engineering opinions on all phases of an offshore oil platform's lifecycle. Mr. Moreau obtained a B.S in petroleum engineering from Louisiana State University – Baton Rouge in 1985 and has, since that time, worked in various engineering capacities overseeing completions, workover

operations, and decommissioning activities on offshore platforms. To that end, Mr. Moreau has developed expertise in 1) the steps required to decommission offshore properties, such as those properties at issue under the OCS – P 0166 Lease and 2) what constitutes reasonable and necessary work to decommission offshore properties, such as those properties at issue under the OCS – P 0166 Lease.

Mr. Moreau is expected to review all work done to decommission the properties at issue under the OCS – P 0166 Lease and opine as to whether that work was reasonably necessary. He may also offer other opinions as to how the decommissioning process generally takes place; the customary practices for decommissioning offshore properties in the Pacific Ocean; regulatory requirements for decommissioning offshore properties in the Pacific Ocean.

Mr. Moreau may provide a report or an amended designation in accordance with the requirements of the Court's Docket Control Order and Federal Rule of Civil Procedure 26(a)(2)(B). His C.V. will be provided at that time as well.

2. **Fritz Ory**
   c/o Logan E. Johnson
   Schiffer Hicks Johnson, PLLC
   700 Louisiana, Ste. 2650
   Houston, Texas 77002
   (t) 713.357.5150
   ljohnson@shjlawfirm.com

Mr. Ory is a project manager with over 40 years of experience in the oil and gas industry. As a part of his 4 decades of experience, Mr. Ory has overseen numerous decommissioning operations on offshore platforms and has expertise in the actions reasonable and necessary to decommission offshore structures.

Mr. Ory is expected to review all work done to decommission the properties at issue under the OCS – P 0166 Lease and opine as to whether that work was reasonably necessary. He may also offer other opinions as to i) how the decommissioning process generally takes place; ii) the customary practices for decommissioning offshore properties in the Pacific Ocean; and iii) regulatory requirements for decommissioning offshore

properties in the Pacific Ocean. He is also expected to provide an opinion as to the reasonable necessity of the costs incurred in decommissioning the offshore platforms at issue in this lawsuit.

Mr. Ory may provide a report or an amended designation in accordance with the requirements of the Court's docket control order and Federal Rule of Civil Procedure 26(a)(2)(B). His C.V. will be provided at that time as well.

3. **Roy Hathcock**
   c/o Logan E. Johnson
   Schiffer Hicks Johnson, PLLC
   700 Louisiana, Ste. 2650
   Houston, Texas 77002
   (t) 713.357.5150
   ljohnson@shjlawfirm.com

   From February 2008 to November 2012, Mr. Hathcock worked in Devon's completions group first as an Offshore Completion Supervisor then as a Senior Operations Advisor. From January 2013 to December 2021, he worked as an engineer in Devon's operations and completions group, first as a production engineering manager, then completion engineering manager, then production engineering manager, and finally as a completion engineer.

   In these roles, Mr. Hathcock, a professional engineer, had oversight responsibility for all aspects of the completion and operations process for offshore properties. To that end, Mr. Hathcock has developed expertise in completions, operations, and the decommissioning process. Furthermore, as a result of his experience, Mr. Hathcock has developed expertise in i) the steps required to decommission offshore properties, such as those properties at issue under the OCS – P 0166 Lease, ii) what constitutes reasonable and necessary work to decommission offshore properties, such as those properties at issue under the OCS – P 0166 Lease; and iii) what costs can be considered reasonable and necessary for the decommissioning of offshore properties, such as those properties at issue under the OCS – P 0166 Lease.

   Mr. Hathcock is expected to review all work done to decommission the properties at issue under the OCS – P 0166 Lease and opine as to whether

that work was reasonably necessary. He may also offer other opinions as to how the decommissioning process generally takes place; the customary practices for decommissioning offshore properties in the Pacific Ocean; regulatory requirements for decommissioning offshore properties in the Pacific Ocean.

Mr. Hathcock may provide a report or an amended designation in accordance with the requirements of the Court's docket control order and Federal Rule of Civil Procedure 26(a)(2)(B). His C.V. will be provided at that time as well.

4. **Donald Sands**
   c/o Logan E. Johnson
   Schiffer Hicks Johnson, PLLC
   700 Louisiana, Ste. 2650
   Houston, Texas 77002
   (t) 713.357.5150
   ljohnson@shjlawfirm.com

   From December 1974 to December 2020, Mr. Sands worked in operations for Pennzoil then Devon in positions of increasing responsibility. He ultimately served as Senior Operations Manager of Gulf Shelf and Deep Water Operations. After Devon's divestitures of its gulf properties, he led Devon's asset management team which included responsibility for offshore and inland waters legacy properties. Mr. Sands also headed Devon's Gulf Incident Command and Logistics groups. In these roles, Mr. Sands had oversight responsibility for decommissioning Devon's offshore properties. To that end, Mr. Sands has developed expertise in i) the steps required to decommission offshore properties, such as those properties at issue under the OCS – P 0166 Lease and ii) what constitutes reasonable and necessary work to decommission offshore properties, such as those properties at issue under the OCS – P 0166 Lease.

   Mr. Sands is expected to review all work done to decommission the properties at issue under the OCS – P 0166 Lease and opine as to whether that work was reasonably necessary. He may also offer other opinions as to i) how the decommissioning process generally takes place; ii) the customary practices for decommissioning offshore properties in the Pacific Ocean; and iii) the regulatory requirements for decommissioning offshore properties in the Pacific Ocean.

Mr. Sands may provide a report or an amended designation in accordance with the requirements of the Court's docket control order and Federal Rule of Civil Procedure 26(a)(2)(B). His C.V. will be provided at that time as well

5. **Andy Adams**
   c/o Logan E. Johnson
   Schiffer Hicks Johnson, PLLC
   700 Louisiana, Ste. 2650
   Houston, Texas 77002
   (t) 713.357.5150
   ljohnson@shjlawfirm.com

   Mr. Adams is a regulatory expert with specific expertise in Bureau of Safety and Environmental Enforcement ("BSEE") decommissioning orders. Mr. Adams has represented clients who have had to comply with decommissioning orders from BSEE and the Bureau of Ocean Energy Management ("BOEM"). As such, Mr. Adams developed expertise in the meaning and enforcement of BSEE decommissioning orders, and specifically on how those orders impact the relationships between affected private parties.

   Mr. Adams is expected to offer opinions with respect to the meaning of various BSEE rules and regulations. Further, Mr. Adams is expected to testify to the regulatory regime applicable to the parties and how that regime impacts the parties' business relationships. Mr. Adams is further expected to testify to how the applicable regulatory regime impacts the decommissioning work required to be done under BSEE decommissioning orders.

   Mr. Adams will provide a report in accordance with the Court's order. At that time, he will also provide his C.V., as well as any other materials required by Court order or the Federal Rules of Civil procedure.

6. **Mike Farber**
   c/o Logan E. Johnson
   Schiffer Hicks Johnson, PLLC
   700 Louisiana, Ste. 2650
   Houston, Texas 77002

(t) 713.357.5150
ljohnson@shjlawfirm.com

Mike Farber is a regulatory expert with specific expertise in BSEE decommissioning orders. Mr. Farber served as the Senior Advisor to BSEE, where he spent six years leading a number of initiatives reforming U.S. government oversight of offshore oil and gas operations. During that time, Mr. Farber developed expertise in the meaning and enforcement of BSEE decommissioning orders, and specifically on how those orders impact the relationships between affected private parties.

Mr. Farber is expected to offer opinions with respect to the meaning of various BSEE rules and regulations. Further, Mr. Farber is expected to testify to the regulatory regime applicable to the parties and how that regime impacts the parties' business relationships. Mr. Farber is further expected to testify to how the applicable regulatory regime impacts the decommissioning work required to be done under BSEE decommissioning orders.

Mr. Farber will provide a report in accordance with the Court's order. At that time, he will also provide his C.V., as well as any other materials required by Court order or the Federal Rules of Civil procedure.

7. **Logan E. Johnson**
   **Marc S. Tabolsky**
   **Varant Yegparian**
   Schiffer Hicks Johnson, PLLC
   700 Louisiana, Ste. 2650
   Houston, Texas 77002
   (t) 713.357.5150
   ljohnson@shjlawfirm.com

Mssrs. Johnson, Tabolsky, and Yegparian will testify to the reasonable and necessary attorney's fees that may be awarded to any party in connection with the prosecution and/or defense of this cause of action and the prosecution and/or defense of any legal claims relating to Lease OCS-P 0166 for which Devon may be entitled to indemnification and defense under the relevant underlying agreements. Their testimony may include i) any attorney's fees that may be recoverable in the instant actions; ii) any attorney's fees that may be recoverable in connection with proceedings

before the Department of the Interior, including without limitation, the Interior Board of Land Appeals, the Bureau of Safety and Environmental Enforcement, or the Bureau of Ocean Management; and iii) any attorney's fees that may be recoverable in connection with any other future proceedings regarding maintenance and monitoring and/or decommissioning costs relating to Lease OCS-P 0166. Further, in the event any other party to this suit seeks to recover attorney's fees in this matter, they will provide rebuttal testimony regarding whether such fees should be awarded and whether such fees were reasonable and necessary.

Should this cause or any other be appealed, including to the Fifth Circuit, Mssrs. Johnson, Tabolsky, and Yegparian will testify as to what additional, reasonable, and necessary attorney's fees to handle the appeal(s) would be. In the event this cause or any other is appealed to the Supreme Court, they will also testify as to what additional reasonable and necessary attorney's fees to handle the appeal would be.

Their opinions are and/or will be based upon their review of all pleadings, correspondence, exhibits and other documents produced by the parties or generated in connection with this lawsuit, participation in discovery in this lawsuit, development of claims and defenses in this lawsuit, presentation of the lawsuit at the trial and appellate levels and preparation for the same, knowledge of the work performed by other attorneys in this matter, as well as their knowledge of the amounts that are reasonably and necessarily charged in Harris County, Texas and elsewhere in connection with similar matters. Their opinions regarding any matters other than the instant action that are referenced above will be based upon their review of similar records generated in those cases, consultation with the attorneys of record who prosecuted and/or defended those actions, and their knowledge of the amounts that are reasonably and necessarily charged in Harris County, Texas and elsewhere in connection with similar matters.

Mr. Johnson has been licensed by the State Bar of Texas since 1999, Mr. Tabolsky since 2002, and Mr. Yegparian since 2009. They are familiar with the reasonable and customary charges for attorney's fees in cases like that presently before the Court, as well as those that are reasonable and customary charges for attorney's fees in the other matters referenced above. Their resumes may be accessed at www.shjlawfirm.com. Documents reflecting the attorneys' fees and hours incurred in this matter will be produced before trial.

Respectfully submitted,

**SCHIFFER HICKS JOHNSON, PLLC**

*/s/ Logan E. Johnson*
Logan E. Johnson
State Bar No. 24013855
SD Tex. Fed. Bar No. 24991
SCHIFFER HICKS JOHNSON, PLLC
700 Louisiana, Suite 2650
Houston, Texas 77002
Tel:  713-357-5150
Fax:  713-357-5160
ljohnson@shjlawfirm.com

***Attorney in charge for Plaintiffs Devon Energy Production Company, L.P., and Devon Energy Corporation***

## *Certificate of Service*

  I certify that on August 1, 2022, I caused a copy of the foregoing document to be served by the Electronic Case Filing System for the United States District Court for the Southern District of Texas and to all counsel of record.

              ***/s/Logan E. Johnson***
              Logan E. Johnson